The objection to the charter was, that it does not sufficiently reserve to the Legislature the power to revoke it.
The terms of revocation are — "Sec. 25. And be it further enacted, That in case the said company shall hereafter misuse or abuse the privileges hereby granted, and shall be lawfully convicted of such misuse or abuse, the Legislature shall have power to revoke this charter and to resume the rights and privileges hereby granted."
Argument for the plaintiffs. — The Supreme Court having decided that the grant of a corporate charter was a contract on the part of the State with the company, which could not be revoked, except for cause ascertained by conviction in the courts, it was to qualify this that the Convention of 1832 chose to restrict the grant of such chartes, involving such a contract in two ways — 1. By requiring that the charter should be passed by two-thirds, and that the power of revocation should be reserved to the legislature, without calling in the aid of the courts. No one has ever doubted that a statement on the face of the law of the fact that two-thirds of the Legislature had passed the act was unnecessary; no more is it needful that the power to revoke should be expressed in the charter. The constitution reserves it; and the expression of a reserved power does not confirm the power, nor the omission weaken it. So of that other provision, that the charter should not exist longer than twenty years, without re-enactment. No such limitation need be expressed in the act, it expires by limitation, byforce of the Constitution, and not by its insertion in the act itself. The Constitution does not say it shall be reserved in the charter. Even if the Legislature had inserted a clause that no such power of revocation was reserved, this would be merely void, but it would not impair the rest of the charter. Neither could the question arise until a subsequent Legislature did revoke the charter. If such a question thus arose, the result would be that the power to revoke would be sustained, and that section of the act which denied it would be declared unconstitutional. *Page 455 
We do not enter into the question whether if the Legislature should arbitrarily revoke a charter without cause, that would be a constitutional exercise of legislative power; that introduces other questions of power and its limitations, which it is not now necessary to consider.
2. The other position that may be taken is, that the power of revocation is reserved in this charter. That depends on the question whether the constitution meant to reserve an absolute power of revocation, without cause. If the Legislature has not in this law reserved the power in its full extent, this amounts only to a legislative construction of the Constitution; and if this be not a correct construction, but limits and restricts the power improperly, the restriction is void, and the power is reserved by force of the Constitution and the charter itself.
Argument for defendant. — The Constitution requires an unqualified power of revocation to be reserved in every charter. Such a power is not reserved in this charter, and it is, therefore, void. (Art. 2, § 17; 1Story Com., § 887; Ibid, 390, § 407, 403, 418, 409, 426; 2 Bac. Ab., 481; 8 Delaware Laws; Debates in Convention, 13, 123, 160.) The attempt to revive the power in this charter is an admission of its necessity. Yet it falls short of the constitutional requirement. By the common law a charter might be forfeited by conviction of abuse of privileges. The power reserved in this charter does no more. It therefore renders nugatory the constitutional provision, and leaves it as at the common law. If the Constitution meant to reserve merely this qualified power, it would have said so. I agree that the act need not state its passage by a two-thirds vote; nor need it contain the limitation of twenty years. That is certain which may be made certain; and the vote may be ascertained by the journals. It was so decided in Samuel Bailey's case.
But the fair reading of the Constitution is, that the reservation of the power should be contained in every charter. The debates in Convention favor this idea, and cotemporary construction also. (1 Ark. Rep., 513.)
Reply. — The cotemporaneous construction is both ways; some acts passed soon after the Constitution contain a reservation, some not — some precisely like this. The Constitution meant to impose these restrictions on the Legislature, in reference to the grant of corporate charters, namely, by requiring a vote of two-third; to reserve the power of revocation in the Legislature, and to limit the *Page 456 
duration to twenty years. Our construction limits the power by force of the Constitution itself; theirs degrades the action of the Convention to a mere direction to the Legislature to limit its own powers in reference to the revocation of charters. Yet the argument of our opponents concedes that the other two restrictions need not be expressed by the legislature itself, and this concedes the whole case. For in reference to limitation, there is the same necessity of inserting it as exists in respect to the clause of revocation, if the act and not the Constitution is to be looked to as imposing the restriction. It is a safe rule of construction to adopt that reading which will preserve and not destroy important interests, provided it is a rational one.
By the Court. — The object of the Convention, though not very clearly expressed, was to restrict the power of the Legislature from granting irrevocable charters. That object is effected by the Constitution, without any aid from the legislative act, and therefore the reservation of power to revoke need not be expressly made in the charter; but, if this were so, we are of opinion that the power is sufficiently reserved in this charter. It never could have been the purpose of the Convention to reserve to the Legislature a mere power to revoke charters from whim or caprice, and without any cause; such an idea would be fatal to all public improvement, through the action of corporations. No one would invest his money in a bank or rail road or canal, if his rights were constantly subject to be taken away without cause; and it would be contrary to the first principles of justice, after men under the sanction of legislative charter, have invested their money in public improvements, to have their corporate powers withdrawn without cause. True this provision of the Constitution reserves to the Legislature alone the right to judge whether the corporation has abused its powers, and thus to revoke charters, but the reasonable construction of the Constitution is, that this shall be done upon examination and trial before the Legislature, upon grounds stated.
 Judgment for plaintiffs.